**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **JOHN DUHON** | : | **CASE NO.  2:25-CV-01097** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **ADRIENNE WILLIAMS ET AL** | : | **MAGISTRATE JUDGE LEBLANC** |

## REPORT AND RECOMMENDATION

Before the court is a motion to remand filed by plaintiff John Duhon.  Doc. 9.  The motion is opposed [doc. 12], and the movant has filed a reply [doc. 13], making the motion ripe for ruling.  The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court.

After careful consideration of this motion and the applicable law, for the reasons that follow, **IT IS RECOMMENDED** that the motion be **GRANTED.**   It is **FURTHER RECOMMENDED** this matter be **REMANDED** to the state court from which it was removed.

**I.**
**BACKGROUND**

### A.  Factual Allegations of the Original Petition

The following allegations are drawn from Plaintiff's original Petition for Damages (the "Petition"), which he filed in the 14th Judicial District Court, Calcasieu Parish, Louisiana.  Doc. 1, att. 2.  On or about February 21, 2025, Plaintiff was shopping in the produce area of a Wal-Mart Supercenter in Lake Charles when he rolled his ankle and fell due to a hole in the floor.  Doc. 1,

att. 2, pp. 1–2. The "lid area of the open floor was missing" and no warnings of any kind on the floor drew attention to it. *Id.*

The Petition names as defendants Walmart, Inc. ("Walmart"), and two Walmart employees: Adrienne Williams and fictional defendant John Doe. Doc. 1, att. 2, p. 1. The Petition suggests that Walmart owned and operated the premises where the fall took place. Adrienne Williams was the store manager, and John Doe was an employee present that day. Doc. 1, att. 2, pp. 1–2. Defendants are alleged to have caused Duhon's fall and resulting injuries through their negligence, causing him damages that include medical expenses, disability, and loss of earning capacity.

**B.  *Removal and Motion to Remand***

Walmart timely removed the action, asserting that the court may exercise subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000[1] and the proper parties to the litigation are of diverse citizenship. For the purpose of determining whether diversity of citizenship exists, Walmart asserts that the citizenship of the employee defendants may be disregarded. Walmart is correct that the citizenship of John Doe, a fictious person, may be disregarded under 28 U.S.C. § 1441(b)(1). Walmart also asserts that Adrienne Williams' citizenship may be disregarded because she is an improperly joined defendant, in that there is no possibility of recovery against her under Louisiana law. Doc. 1, pp. 2–3. Plaintiff challenges this assertion.

Plaintiff moves to remand, arguing that Adrienne Williams is a proper party to the suit and that because she and Plaintiff share Louisiana citizenship, this court may not exercise diversity jurisdiction over this case. It is undisputed that Walmart is a citizen of Arkansas and Delaware[2]

---

[1]  In the memorandum in support of his motion remand, "Plaintiff stipulates that the amount in controversy exceeds $75,000." Doc. 1, att. 1, p. 4.

[2] See doc. 5 and doc. 9, att. 1., p. 4.

and therefore diverse from plaintiff John Duhon, a domiciliary and citizen of Louisiana. The question raised by this motion to remand, therefore, is whether Adrienne Williams, who is also alleged to be a domiciliary and citizen of Louisiana [doc. 1, att. 2, p. 1], is a proper party to this litigation.

## II.
### APPLICABLE LAW

### A. Improper Joinder

Any civil action brought in a state court of which the federal district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). District courts have original jurisdiction over any civil action where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1). The diversity provisions of 28 U.S.C. § 1332(a)(1) require complete diversity of citizenship among the parties. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). The removing party bears the burden of showing that removal was proper and that federal jurisdiction exists. *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). The removal statute must be strictly construed, and "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007). In diversity removals, the action is not removable "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

If removal is based on a claim that a non-diverse party has been improperly joined, then the removing party must establish either "actual fraud in the pleading of jurisdictional facts" or an "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (citing *Travis v. Irby*, 326 F.3d 644 (5th Cir. 2003)). Only the latter method is relevant here, insofar as Walmart did not allege

3

actual fraud in the pleading of jurisdictional facts.  Thus, the relevant question is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573.  "[T]here must be a *reasonable* possibility of recovery, not merely a *theoretical* one."  *Ross v. CitiFinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003) (emphasis in original) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002); *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000); *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999)).

The burden of persuasion to show improper joinder is a "heavy one."  *Kling Realty Co., Inc. v. Chevron USA, Inc.*, 575 F.3d 510, 514 (5th Cir. 2009); *see also B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir. 1981).  All allegations are evaluated in the "light most favorable to the plaintiff, resolving all contested issues of substantive fact" and ambiguities of law in the plaintiff's favor.  *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 (5th Cir. 2005).  A court should "not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff might do so."  *Id.* at 308–09.

When considering an improper-joinder claim, courts first "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant," and find generally no improper joinder if plaintiff can survive such a challenge.  *Smallwood*, 385 F.3d at 573.  If plaintiff has stated a claim but has "misstated or omitted discrete facts that would determine the propriety of joinder," the court has the discretion to "pierce the pleadings."  *Id.*  The court would then consider "summary judgment-type evidence such as affidavits and deposition testimony" to determine the

propriety of the contested joinder. *Cavallini v. State Farm Mutual Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995). This type of summary inquiry is only performed in "limited circumstances[.]" *Williams v. Homeland Ins. Co. of New York*, 18 F.4th 806, 812 (5th Cir. 2021). The burden remains with the party asserting improper joinder throughout this analysis. *Mumfrey*, 719 F.3d at 402.

Here, Walmart has not identified any misstatements or omissions of discrete facts that would justify piercing the pleadings to determine the propriety of joinder, so the court's analysis will consist of the "Rule 12(b)(6)-type analysis" described by *Smallwood*. 385 F.3d at 573.

### B. *Louisiana law governing employee liability*

Defendant argues that Plaintiff has no valid cause of action against Adrienne Williams under Louisiana law. In this diversity case, the Court applies state law to evaluate the sufficiency of the plaintiff's claims. *Henry v. O'Charleys, Inc.*, 861 F.Supp.2d 767, 771 (W.D. La. 2012). Under Louisiana tort law, an employee is personally liable to a third person if the employee breached a personal duty owed to that person. *Freeman v. Wal-Mart Stores, Inc.*, 775 F. Supp. 208, 210 (W.D. La. 1991). Courts look to the factors set forth by the Louisiana Supreme Court in *Canter v. Koehring Co.* to determine if there is a basis for an employee's personal liability.[3] *Id.* (citing *Canter*, 283 So. 2d 716 (La. 1973), *superseded on other grounds by statute*, La. R.S. § 23:1032 (1998)).

In *Canter*, the Louisiana Supreme Court addressed a circuit split on this issue: "[w]hen and under what circumstances is the officer, agent, or employee of an employer or principal liable to a third person (including a co-employee), when injuries caused to such third person result from the breach of a duty imposed by his employer or principal upon the officer, agent or employee?"

---

[3] The United States Fifth Circuit Court of Appeals has consistently held that "*Canter* liability to third persons for the negligence of corporate officers and employees may only be imposed for bodily injury claims." *Kling Realty Co. v. Chevron USA, Inc.*, 575 F.3d 510, 515 (5th Cir. 2009).

283 So. 2d at 718 (alteration added).  Under *Canter*, four factors must be satisfied before personal liability can be imposed:  (1) Walmart must owe a duty of care to Plaintiff, the breach of which caused the injury at issue; (2) Walmart must have delegated that duty to Adrienne Williams; (3) Adrienne Williams must have breached the duty through her own personal fault; and (4) personal liability cannot be imposed simply because of general administrative responsibility for performing some function of his employment; instead it must result from a personal duty to the plaintiff that was not delegated to another employee.  *Rolls on behalf of A. R. v. Packaging Corp. of Am. Inc.*, 34 F.4th 431, 437-38 (5th Cir. 2022) (citing *Canter*, 283 So. 2d at 721).

Walmart argues that there is "no possibility of recovery" against non-diverse defendant Adrienne Williams because "Plaintiff's allegations against Adrienne Williams all relate to her managerial and/or administrative responsibilities as Walmart manager and/or supervisor."  Doc. 1, p. 2.

### III.
#### DISCUSSION

As directed by *Smallwood*, the court will "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."  385 F.3d at 573.

### A.  Application – **Canter** *factors*

#### 1.  Duty

The first *Canter* factor asks whether Walmart owed a duty of care to Plaintiff Duhon, the breach of which caused his injuries.  By law, a "merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage." La. R.S. § 9:2800.6.  In its opposition to

the motion to remand, Walmart quotes at length from an opinion of this court reasoning, in relevant part, that "Wal-Mart, as a merchant, owes its patrons a duty to exercise reasonable care to keep its passageways in a reasonably safe condition, ensuring that the premises are free of hazardous conditions which might reasonably cause damage," effectively conceding the existence of the duty. Doc. 12, p. 3 (quoting *Carter v. Wal-Mart Stores Inc.*, No. CIV.A. 04-0072, 2005 WL 1831092, at *2 (W.D. La. July 28, 2005)).

In a case cited by plaintiff, this court discussed potential breach of that duty as involving conduct falling below a reasonable standard of care:

> Generally, "the owner or operator of a facility has the duty of exercising reasonable care for the safety of persons on his premises and the duty of not exposing such persons to unreasonable risks of injury or harm." *Mundy v. Department of Health and Human Resources*, 620 So.2d 811, 813-814 (La. 1993) (citations omitted). Further, "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." La. Civ. Code Art. 2315. "Fault is a breach of duty owed by one party to another under the particular facts and circumstances of a given case." *Broussard v. Northcott Expl. Co., Inc.*, 481 So.2d 125, 128 (La. 1986). Fault encompasses any conduct that falls below the standard of care that would be exercised by a reasonable person. *See Landry v. Bellanger*, 851 So.2d 943, 949 (La. 2003) and *Esco v. Smith*, 468 So.2d 1169, 1174 (La. 1985).

*Evans v. Cato Corp*, No. CV 3:24-00892, 2024 WL 5104149, at *4 (W.D. La. Oct. 16, 2024), *report and recommendation adopted,* 2024 WL 5104542 (W.D. La. Oct. 31, 2024). Although the Petition does not use the word "duty," it describes breach by listing particulars demonstrating Walmart's and Adrienne Williams' negligence, including failure to follow proper inspection guidelines, leaving an unattended hole in the floor, and failure to warn about the hazard. Doc. 1, att. 2, p. 2. For the purposes of this motion to remand, Plaintiff adequately alleges that Walmart owed him a duty, breach of which led to his injuries. Accordingly, it is recommended that the first *Canter* factor is satisfied.

7

## 2. Delegation of duty

The second *Canter* factor asks whether Walmart delegated the relevant duty to Adrienne Williams. The Petition does not directly allege that Walmart delegated its duty to Williams, but by describing partly overlapping negligence of Walmart and Adrienne Williams, the Petition assumes that Adrienne Williams was charged with ensuring the day-to-day safe condition of the premises. In listing the particulars in which Walmart and Willaims acted negligently, the Petition alleges that Adrienne Williams was negligent in all the ways that Walmart was negligent in failing to attend to the hole, while Walmart was additionally negligent in "failing to properly train" and in negligently screening and hiring employees. Doc. 1, att. 2, p. 2. In other words, the Petition identifies some but not all of Walmart's responsibilities as Adrienne Williams' responsibilities, suggesting delegation of duty. Considering that all ambiguities and inferences are to be resolved in Plaintiff's favor for the purposes of this motion to remand, it is recommended that the Petition adequately alleges Walmart delegated to Adrienne Williams the duty of ensuring the safe condition of the floor, thus satisfying the second *Canter* factor.

## 3. Breach

The third *Canter* factor asks whether Adrienne Williams breached the duty through her own personal fault. The petition alleges that Adrienne Williams was the manager of the store, that the negligence of Walmart, Adrienne Williams and John Doe was the "sole proximate cause of the fall," and that Adrienne Williams caused the fall:

(a) In failing to have a proper warning indicating that the floor had a hole;
(b) In failing to implement and/or follow proper guidelines for the inspection and cleaning of floors;
(c) In leaving a hole in the floor unattended;
(d) In failing to prevent a hazardous situation or warn of the same;
(e) In failing to recognize the imminence of a fall and take steps to prevent the same;
(f) In failing to inspect the floors [ . . . ]

8

Doc. 1, att. 2, p. 2.  The petition also alleges that "Mr. Duhon did try and report the accident to a manager at the store, but no one would speak to him.  He called the corporate office of Walmart and reported the incident."  Doc. 1, att. 2, p. 2.

In short, the Petition alleges that manager Adrienne Williams, through her inattention to the unsafe condition of the floor, breached the duty of care that Walmart owes its customers, which (by implication) Walmart delegated to her as store manager, satisfying the third *Canter* factor.

### 4.  Non-administrative capacity

The fourth *Canter* factor asks whether personal liability is being imposed simply because of general administrative responsibilities.  The *Canter* court stated:

> With regard to the personal (as contrasted with technical or vicarious) fault, personal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages. If the defendant's general responsibility has been delegated with due care to some responsible subordinate or subordinates, he is not himself personally at fault and liable for the negligent performance of this responsibility unless he personally knows or personally should know of its non-performance or mal-performance and has nevertheless failed to cure the risk of harm.

*Canter v. Koehring Co.,* 283 So. 2d 716, 721 (La. 1973) *superseded on other grounds by statute*, La. Rev. Stat. § 23:1032 (1998)).  In assessing this factor, a Louisiana court looked for "personal omissions to perform specific duties and/or to correct negligent acts of his subordinates of which he should have known."  *Walker v. Schwegmann Giant Supermarkets, Inc.*, 95-1934 (La. App. 4 Cir. 3/14/96), 671 So. 2d 983, 987.

As described above, the Petition alleges that Adrienne Williams was personally negligent in failing to remedy the condition of the floor, failing to mitigate against the possibility of injury, and failing to warn patrons about it.

9

Walmart directs the court to *Carter v. Wal-Mart Stores Inc.*, No. CIV.A. 04-0072, 2005 WL 1831092, at \*2 (W.D. La. July 28, 2005), in which the court dismissed a non-diverse defendant and denied a motion to name additional non-diverse defendants. That case is distinguishable, however, and the distinction is illuminating.

In *Carter*, the court found that there were no allegations that the manager was responsible for anything other than employee training and supervision. The *Carter* court found that the petition did not allege that the manager ever "acted unreasonably," finding instead that plaintiffs "generically allege the manager was responsible for training other store employees and implementing procedures for others to follow. Neither of these assignments entails a personal duty to ensure plaintiffs' safety. Instead, they deal with [the manager's] general duties as a manager of a store where other employees will be involved in activities which affect the safety of the store patrons." *Carter v. Wal-Mart Stores Inc.*, No. CIV.A. 04-0072, 2005 WL 1831092, at \*2–3 (W.D. La. July 28, 2005)(alteration added). Thus the *Carter* petition was a "classic case of attempting to place liability upon an employee 'simply because of his general administrative responsibility for performance of some function of employment.'" *Id.* at \*3.

Here, by contrast, only Walmart—not Adrienne Williams—is charged with mishandling employee training and supervision. Adrienne Williams is charged with direct responsibility for the hazard created by the hole and failing to take action to remedy it. Certainly, the allegations about her role are thin. But assuming the allegations of the Petition are true, as the court must for the purposes of this motion, the manager was aware of a hole in the floor in the produce section and simply ignored it and then declined to speak with a patron who was injured by it. This satisfies the fourth *Canter* factor.

Plaintiff directs the court to *Evans v. Cato Corp.*, where this court determined that a store manager was not improperly joined, in a case involving a trip-and-fall over haphazardly arranged shoeboxes that had been left on the floor.  Civ. No. 3:24-00892, 2024 WL 5104149, at \*7 (W.D. La. Oct. 16, 2024).  Although that case is not directly on point,[4] it is sufficiently analogous to lend support to plaintiff's position.  In that case, the court determined that the *Canter* factors were satisfied where the petition alleged that employees had created a hazard by placing shoeboxes on the floor; the manager and other employees had at least constructive knowledge of the hazard; and with reasonable care, they should have removed the boxes and the hazard.  *Id.* at \*5.

Bearing in mind that *Canter* allows for the possibility that an employee may be held personally liable when a third person's injuries result from a breach of a duty imposed by the employer, 283 So. 2d at 718, it cannot be said that there is no reasonable possibility of recovery against Adrienne Williams on the face of the Petition.  Because she is not improperly joined, the parties lack diversity of citizenship, and this court may not exercise subject matter jurisdiction over this case.

### III.
#### CONCLUSION

For the reasons stated, **IT IS RECOMMENDED** that the motion to remand be **GRANTED.**  It is **FURTHER RECOMMENDED** this matter be **REMANDED** to the state court from which it was removed.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file

---

[4] In *Evans*, for procedural reasons not at issue here, the court pierced the pleadings and conducted a full summary inquiry, reviewing video evidence and deposition testimony from both parties, ultimately concluding that plaintiff "provided evidence that multiple shoeboxes were strewn about the aisle where she tripped and fell for long enough that [manager defendant], in the exercise or [sic] reasonable care and diligence, should have discovered and ameliorated the hazard."  2024 WL 5104149, at \*7.

written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n.*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Lake Charles, Louisiana, this 16th day of March, 2026.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**